IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERALD T. MARTIN and JUANA
M. MARTIN, Individually and on behalf
of all persons similarly situated,

        Plaintiffs,

v.        No. CIV. 96-1480 LH/RLP

FRANKLIN CAPITAL CORPORATION,
a Utah corporation, and CENTURY-
NATIONAL INSURANCE COMPANY,
a California Corporation,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' motion to certify for immediate appeal this Court's May 21, 1998 order denying the Plaintiffs' motion to remand. (Docket No. 55)[1]. The Court, having read the pleadings of both parties and being fully advised in the premises, finds that Plaintiffs' motion is not well taken and shall be **denied**.

Plaintiffs' motion is brought pursuant to 28 U.S.C. § 1292(b):

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

---

[1] Plaintiffs seek amendment of this Court's May 21, 1998 order to include certification of interlocutory appeal language under 28 U.S.C. 1292(b). The actual title of this motion is "Motion to Amend the May 21, 1998 Order Denying Plaintiffs' Motion to Remand to Allow Interlocutory Review Under § 1292(b)".

Federal courts universally recognize that § 1292(b) should be construed strictly and that appeals under this section are disfavored and should be allowed only sparingly. *See, In re Ingram Towing Co.,* 59 F.3d 513 (5th Cir. 1995). The party seeking certification for interlocutory appeal bears the heavy burden of showing that the order in question is exceptional. *See, In re Flor*, 79 F.3d 281 (2d Cir. 1996). An order is considered exceptional for example, where the appellate court's immediate review of the order may avoid extensive and costly litigation. *Terra Intern. v. Mississippi Chemical Corp.*, 922 F. Supp 1334 (N.D. Iowa 1996), *aff'd* 119 F.3d 688 (8th Cir. 1997). Generally, courts should decline to override the important historic policy against piecemeal litigation and appeals. *See PYCA Indus. Inc. v. Harrison County Waster Water Mgmt. Dist.,* 81 F.3d 1412, 1421 (5th Cir. 1996).

Before reviewing each of the three prerequisites of § 1292(b)[2], I note that the order in question involves this court's refusal to remand this case to state court — a highly discretionary decision. This discretionary nature of the decision generally operates against satisfaction of the first two requirements: that the order presents a "(1) controlling questions of law on which there is (2) substantial ground for difference of opinion". Given the discretionary nature of the decision, it is difficult for the Plaintiffs to successfully assert that the "difference of opinion" element is compelling.

The three questions posed by Plaintiffs for certification involve the methods used by this Court in determining whether the Plaintiffs' claims meet the amount in controversy requirements of 28 U.S.C. § 1332. Specifically, Plaintiffs frame what they consider to be three "controlling

---

[2] The party seeking certification must satisfy all three criteria; satisfaction of a single criterion, standing alone, cannot be determinative. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3rd Cir. 1974)

2

legal" questions, as follows:

**1. Whether a district court can disregard state law in determining whether a plaintiff's pled state statutory law claims exceed the amount in controversy requirements of 28 U.S.C. § 1332?**

Plaintiffs argue that this Court disregarded state law and focused only on the allegations of the complaint to determine whether the alleged damages would meet the $50,000[3] jurisdictional limit contained in 28 U.S.C. § 1332. In other words, Plaintiffs argue that their damages should be determined based on state statutory law, which they argue demonstrates that the complaint does not state a viable claim to "void" the Martin contract as pled. Plaintiffs assert that their complaint does not meet the $50,000 jurisdictional limit required by § 1332. It is their position that this Court should have, but did not, carefully analyze whether any state statutory claims for damages are colorable under state law before it can conclude that it has subject matter jurisdiction.

I have read the cases cited by Plaintiffs. I read these cases as stating that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab. Co.*, 303 U.S. 283, 289 (1938); and that legally impossible damages flunk the "legal certainty" test. *Pratt Central Park Limited Partnership v. Dames & Moore, Inc.*, 60 F3d. 350 (7th Cir. 1995). At the April 14, 1998 hearing, I stated on the record my reasons for concluding that the Martins' claims meet the requisite jurisdictional amount. It does not appear to a legal certainty that their claims are for less than $50,000 and I conclude that they are colorable for the purposes of conferring jurisdiction. In

---

[3] This cause of action arose before the new amount in controversy requirement of $75,000 went into effect. Federal Courts Improvement Act of 1996, Pub.L. No. 104-317, 110 Stat. 3847 (1996).

3

making this determination, I have not disregarded state law, but in fact have considered it. I conclude that there is no substantial ground for a difference of opinion on this matter.

**2. Whether a district court in a removal proceeding under 28 U.S.C. § 1447 can disregard the class allegations pled in the complaint at the time of a defendant's removal when it determines whether or not it has subject jurisdiction?**

Plaintiffs argue that this Court should have, but did not, consider whether remand would be proper at the time of removal, considering the class allegations in the removed complaint. They argue that the plain language of 28 U.S.C. § 1447(c) and Supreme Court case law demonstrate that this Court is required to make this jurisdictional determination with respect to putative class members in ruling on a motion to remand, before it can properly assert subject matter jurisdiction in this case, *citing Zahn v. International Paper Co.,* 414 US 291 (1973). They argue that the fact that this action was not certified as a class action does not alter this responsibility. For there to be diversity jurisdiction, they contend that there must be complete diversity between the named representatives of the putative class and the defendants, and that each member of the putative class must meet the statutorily required minimum amount in controversy.

My examination of the Notice of Removal and of the "Class Action Complaint" leads me to conclude that complete diversity of citizenship exists between the two named Plaintiffs, the putative class members and the defendants. *See Notice of Removal,* ¶ 3. Furthermore, in the section above, I have addressed my conclusion that Plaintiff Martins' asserted claims are colorably worth the jurisdictional amount of $50,000. As I read the "Class Action Complaint", each of the putative class members are, as noted in the caption, "similarly situated" to the Martin

Plaintiffs. In fact, the relief sought for each and every count of the complaint is the same for the Martins, as class representatives, and for the putative class plaintiffs. This fact leads me to conclude that, based upon the allegations of the complaint at the time of removal, the claims of the putative class members were sufficient to invoke the diversity jurisdiction of this Court.[4] The complaint, at the time it was filed, satisfied the jurisdictional amount required by 28 U.S.C. § 1332.[5]

My exercise of subject matter jurisdiction over the remand issue was properly based upon these considerations of the class allegations as of the time of removal. I conclude there is no substantial ground for difference of opinion on this issue.

### 3. Whether a district court may retain jurisdiction under its 28 U.S.C. § 1367 supplemental jurisdiction after the Plaintiffs and Defendants agree that Martins' individual plead claims do not (and therefore, did not) establish an amount in controversy sufficient to satisfy § 1332?

Plaintiffs correctly argue that if it is discovered, anytime during the course of litigation, that at the time the action was commenced, the claims did not exceed the jurisdictional amount, then the complaint must be dismissed. *Watson v. Blankinship*, 20 F.3d 383, 385 (10th Cir. 1994). They argue that the Court erred in not considering the Affidavit of Harold Miller that showed that at the time of removal, the Martins' insurance claim was $1,854.08, not $7,636, because of a

---

[4] Although it is not necessary to this Opinion, I note that the Fifth Circuit has found that *Zahn*'s holding that each plaintiff must independently satisfy the jurisdictional amount has been overruled due to congressional amendment of 28 U.S.C. § 1367. *See In Re Abbott Laboratories*, 51 F.3d 524, 529 (5th Cir. 1995). *See also Ard et. al v. Transcontinental Gas Pipe Line Corp.,* 138 F.3d 596, 600 n.2 (5th Cir. 1998), *reh. denied.*

[5] The Court notes that, based upon facts presented to it relating to the class certification issue, that it became apparent that the putative class members did not have sufficient commonality of claims to justify such a certification. The Court accordingly declined to certify a class. Nonetheless, the claims as contained in the complaint at the time of removal were colorable and sufficient for purposes of this jurisdictional determination.

1996 refund. Plaintiffs ask that because now that it is known that at the time of removal the claims did not meet the jurisdictional amount, the case should be dismissed . They argue that because there is no basis for this Court to continue to assert jurisdiction, the case should be remanded to state court.

The amount in controversy requirement is determined at the time the complaint was filed. *See Emland Builders, Inc. v. Shea*, 359 F.2d 927, 929 (10th Cir. 1996). I have reviewed Mr. Moore's Affidavit. Even if I use the figure of $1854 instead of $7636 for the insurance premium element of damages, as set out in Moore's affidavit, Plaintiffs' claims meet the jurisdictional limit, when reasonable attorney fees are added into the equation. *See Smith v. Hawkeye-Security Ins. Co.,* 842 F. Supp. 1373 (1994). I elaborated upon this at my oral ruling at the April 14, 1998 hearing in this matter. I find no substantial ground for a difference of opinion on this issue.

Furthermore, to the extent that it has been revealed during discovery that any putative class members were not actually "similarly situated" to the Martins with regard to their respective insurance situations, I have rejected them as potential parties in this lawsuit, and due to a lack of commonality of claims, refused to certify a class. It would now appear, post-removal, that the putative class members do not satisfy the jurisdictional amount. I realize that *Zahn* requires that district courts may entertain the claims of only those class action plaintiffs whose individual cases satisfied the jurisdictional-amount requirement. *Id* at. 297-98. I have already declined to exercise subject matter jurisdiction over these putative plaintiffs, which renders an analysis under *Zahn* unnecessary.

**Conclusion**

For the reasons set forth above, I conclude that Plaintiffs have not satisfied all three

6

requirements under 28 U.S.C. § 1292(b) and that Plaintiff's motion to certify for immediate appeal shall be **denied**.

As discussed at the April hearing in this matter, Plaintiffs are now granted leave to file a motion to amend their complaint with the Court. If they desire to file such a motion, they are instructed to attach a copy of their proposed amended complaint to the motion. Such a motion must be filed within thirty (30) days of the date of entry of this Memorandum Opinion and Order. Discovery shall be stayed, pending the Court's decision on the Plaintiffs' motion to amend.

**IT IS SO ORDERED.**

_____
**U. S. DISTRICT COURT JUDGE**