IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERALD T. MARTIN and JUANA M.
MARTIN, Individually and on behalf
of all persons similarly situated,

        Plaintiffs,

v.                                                No. CIV. 96-1480 LH/RLP

FRANKLIN CAPITAL CORPORATION,
a Utah corporation, and CENTURY-
NATIONAL INSURANCE COMPANY,
a California Corporation,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiffs' Motion for an Award of Attorney's Fees and Expenses Under 28 U.S.C. § 1447 (Docket No. 68). Specifically, Plaintiffs seek approximately $60,000 in fees and expenses, allegedly necessitated by Defendants' improper removal. The Court, having read the pleadings of both parties and being fully advised in the premises, finds that Plaintiffs' motion shall be **denied**.

**Factual Background**

This lawsuit was originally filed in state court on September 13, 1996. On October 26, 1996,

1

on grounds of diversity of citizenship jurisdiction, Defendant Century-National Insurance Company ("Century") removed this case to federal court with the consent of Franklin Capital Corporation ("Franklin")(hereinafter jointly referred to as "Defendants"). It was not until November 25, 1997 that Martins first raised the issue of this Court's jurisdiction. On February 3, 1998, the Martins filed a motion to remand to state court for lack of subject matter jurisdiction, on the basis that their claims did not meet the $50,000 amount-in-controversy requirement for diversity jurisdiction.[1] On May 21, 1998, an order was entered denying that motion. On March 30, 1999, at the Martin's request, judgment was entered against them, after their request for an interlocutory appeal was denied on November 6, 1998.

A notice of appeal was filed on April 27, 1999. The Tenth Circuit entered its opinion more than two years later, on May 29, 2001. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284 (10th Cir. 2001). That opinion reversed this Court, concluding that this Court lacked subject matter jurisdiction, and remanded the case, with directions to remand this action to state court. The Tenth Circuit concluded that Defendants had failed to affirmatively establish the requisite jurisdictional amount, on the face of the petition or in the removal notice. That Court specifically rejected Defendants' contention, as contained in both the removal notice and on appeal, that jurisdiction was satisfied because the attorneys fees and the punitive damages claimed by the entire class could be aggregated and attributed to the Martins for purposes of determining the amount in controversy, and that so long as the Martins, as class representatives, met the jurisdictional amount, the other class members fell within the court's supplemental jurisdiction regardless of the value of their claims.

---

[1] At the time this action was filed in state court (September 13, 1996), 28 U.S.C. § 1332 required the amount in controversy to exceed $50,000.

The Martins argue that, although Defendants' notice of removal did not rise to the level of bad faith or frivolousness, that their legal theories in support of removal were against the vast weight of legal authorities and were not well taken by the Tenth Circuit under "well established legal precepts that were well known to Defendants at all material times." (Ptfs' Mem. at 2). This is the basis for their fee request.

**Applicable Standards**

As amended in 1988, 28 U.S.C. § 1447(c) provides in pertinent part that an order remanding the case may require payment of just costs and actual expenses, including attorneys fees, incurred as a result of the removal. *See Daleske v. Fairfield Communities, Inc*., 17 F.3d 321, 324 (10th Cir. 1994), *cert. denied*, 511 U.S. 1082 (1994)(noting amendment deleted requirement that case be removed improvidently and authorized award of attorneys fees). Such an award is discretionary with the Court, and bad faith need not be shown. *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997)(*citing Daleske*, 17 F.3d at 324-25). The "propriety of defendant's removal continues to be central in determining whether to impose fees." Deleske, 17 F.3d at 324 (*quotation omitted*). The Tenth Circuit is one of the circuits that requires a showing that the removal was improper *ab initio*[2]. *Suder*, 116 F.3d at 1352; *Daleske* 17 F.3d at 324. Subsequent to *Daleske*, the *Suder* court pointed out that this standard is much different than colorable. "A removal is proper only if it is legitimate." *Suder*, 116 F.3d at 1352.

According to these standards, I must determine whether removal was improper, *i.e.,* illegitimate, at the beginning, or in the first place, which I construe as the time that the notice of

---

[2] This means "from the beginning". BLACK'S LAW DICTIONARY 6 (6th Ed. 1990).

removal was filed, *i.e.*, on October 26, 1996. I must objectively evaluate the merits of Defendants' removal action at the time it was filed. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). As noted above, the legal theory underlying this removal was that the attorneys fees and punitive damages claimed by the entire class could be aggregated and attributed to the Martins in determining the amount in controversy. Further, Defendants maintained that so long as the Martins, as class representatives, met the jurisdictional amount, the other class members fell within the court's supplemental jurisdiction regardless of the value of their claims.

**Aggregation of Punitive Damages**

It is important to bear in mind that the notice of removal was filed in October of 1996. In holding, apparently for the first time, that punitive damages may *not* ordinarily be aggregated and attributed in total to each member of a putative class for purposes of satisfying diversity jurisdiction, the Tenth Circuit relied on language of the 1998 *Leonhardt* case[3], as well as on other post-1996 case law from other circuits. The Tenth Circuit relied especially on the reasoning of Second Circuit case of *Gilman v. BHC Securities, Inc.*, 104 F.3d 1418, 1430-31 (2d Cir. 1997). *See Martin*, 251 F.3d at 1292.

In its opinion, the Tenth Circuit noted that two cases upon which Defendants had relied had been disapproved by the circuits that decided them[4]. *Id*. The circuit opinions disapproving and

---

[3] *Leonhardt v. Western Sugar Co.,* 160 F.3d 631, 637 (10th Cir. 1998).

[4] These two cases are *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), and *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995). *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1073-77 (11th Cir. 2000) disavowed *Tapscott*, and *Allen* was disavowed by *Ard v. Transcont'l Pipe Line Corp.*, 138 F.3d 596, 601-02 (5th Cir. 1998). *See also H&D Tire and Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 329-30 (5th Cir. 2000)(holding that *Allen* is not valid precedent).

4

limiting Defendants' relied upon case law were filed in 2000 in the Eleventh Circuit and in 1998 in the Fifth Circuit.

> At least one commentator has summarized the history of this development of law in this area:
>
> There *currently* is agreement that punitive damages claims are not by nature common and undivided, making aggregation possible only if putative class members are suing to enforce a single title or right in which they have a common and undivided interest.
>
> Several years ago, the Fifth and Eleventh Circuits suggested that punitive damages claims ordinarily may be aggregated. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), 96 Fed Lit 139; *Allen v. R & H Oil Gas Co.*, 63 F.3d 1326 (5th Cir. 1995). They have since explained that aggregation is not the rule. *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Ard v. Transcontinental Pipe Line Corp.*, 138 F.3d 596 (5th Cir. 1998).
>
> In addition to the Ninth Circuit[5], the Second, Seventh, Eighth and Tenth Circuits reject aggregation as the usual rule. *See Crawford v. R. Hoffman-LaRoche Ltd.*, 2001 WL 1160354 (8th Cir. 2001); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284 (10th Cir. 2001); *In re Brand Names Prescription Drugs Antitrust Litigation*, 123 F.3d 599 (7th Cir. 1997); *Gilman v. BHC Securities, Inc.*, 104 F.3d 1418 (2d Cir. 1997), 97 Fed Lit 98. Only if putative class members are suing to enforce a single title or right in which they have a common interest is aggregation possible.

16 NO. 11 FED. LITIGATOR 270 (2001)(emphasis added).

I have carefully reviewed the pertinent caselaw and agree with this summary of it.

The Tenth Circuit noted in its opinion that it had "not ruled directly on this matter". *Martin*, 251 F.3d at 1292. Further, it indicated that it would "*now hold*, in light of the language in *Leonhardt* and the analysis of our sister circuits, that punitive damages may not ordinarily be aggregated and attributed in total to each member of a putative class for purposes of satisfying diversity jurisdiction." *Martin,* 251 F.3d at 1292 (emphasis added).

Based on the language contained in this Tenth Circuit, and given the history of the law in this

---

[5] Here, this article is making reference to the case of *In re Ford Motor Company/Citibank (South Dakota), N.A. v. Ford Motor Company*, 264 F.3d 952 (9th Cir. 2001).

area, I am unable to conclude that the removal was improper *ab initio*. As noted by the Tenth Circuit, as grounds for removal, Defendants relied on the two cases of *Tapscott* and *Allen*, which were not abrogated until the years 2000 and 1998 respectively. Obviously this Court did not consider the removal improper at that time, given its refusal to remand the case to state court. Although the removal was subsequently remanded by the Tenth Circuit, I conclude that, at the time of the removal, it was not improper. It appears that the Tenth Circuit remanded largely based on changes in the law during the time between the removal (1996), and its opinion (2001).

**Aggregation of Attorney Fees**

In analyzing the aggregation of attorney fees issue, the Tenth Circuit noted that courts "have generally held, under the same rationale applied to preclude the aggregation of punitive damages, that attorneys fees cannot be aggregated for purposes of diversity jurisdiction." *Martin*, 251 F.3d at 1293. Once again the Tenth Circuit relied primarily upon post-1996 case law for its conclusion that attorney fees cannot be aggregated[6]. The Tenth Circuit's acknowledgment that courts had applied the same rationale to the aggregation of attorney fees as has been applied to the aggregation of punitive damages, compels application of the same rationale to my analysis. As above, I must conclude that Defendants' removal on this basis was not improper *ab initio.*

**Conclusion**

I am fully cognizant of the fact that, in its May 2001 decision, the Tenth Circuit held that this

---

[6] This case is *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1264-65 (10th Cir. 2000). The *Martin* opinion did also mention a 1982 Ninth Circuit case, *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982).

6

matter was improperly removed to federal court, and ordered remand of the case to state court. The fact that, more than four years later, removal was determined to be improper does not automatically entitle the plaintiff to attorney fees however. *See Hale v. Masstersoft International Pty. Ltd.*, 93 F. Supp.2d 1108. 1114 (D.Colo. 2000), *citing Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)[7]. Rather, the court must objectively evaluate the merits of the Defendants' removal action at the time it was filed. *Id*. at 292-93.

As noted in *Moore's Federal Practice*, "as a practical matter, most courts refuse to award the plaintiff costs and fees when the defendant had a legitimate or colorable legal ground for removal ..." 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.41[3][A](3d ed.1997). *See Daleske,* 17 F.3d at 325 (declining to award fees on conclusion that defendant had legitimate basis for believing district court had jurisdiction). Here, for the reasons above stated, I conclude that in October 1996, Defendants had legitimate grounds for believing this case fell within this Court's jurisdiction. I believe that Defendants had objectively reasonable grounds to believe the removal was legally proper. In reaching this conclusion, I have taken into account the complexity and uncertainty of the law in this area, as discussed above. Although the Tenth Circuit has now declared that Defendants' underlying reasons for removal are improper, that conclusion does not require this Court to award attorney's fees to Plaintiffs. Under the circumstances set forth in this decision, I conclude that it is not appropriate to award fees and that Plaintiffs' motion will be denied.

**WHEREFORE**, for the reasons stated herein, Plaintiffs' Motion for an Award of Attorney's

---

[7] *Valdes* stated: "We evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that the removal was improper." *Valdes,* 199 F.3d at 293.

Fees and Expenses Under 28 U.S.C. § 1447 (Docket No. 68) is **denied.**

**IT IS SO ORDERED.**

_____
**U. S. DISTRICT COURT JUDGE**